UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ASHLEY BALINT** | ) | Case Number |
| Plaintiff | ) | |
| | ) | **CIVIL COMPLAINT** |
| vs. | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.** | ) | **JURY TRIAL DEMANDED** |
| Defendant | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Ashley Balint, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiff, Ashley Balint, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.     JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this district is proper in that the Plaintiff resides in this District.

## III.    PARTIES

4. Plaintiff, Ashley Balint, is an adult natural person residing in Scranton, Pennsylvania.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Midland Credit Management, Inc., at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt in the Commonwealth of Pennsylvania with an address of Dept. 12421, P.O. Box 603, Oaks, Pennsylvania 19456.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7. On or about February 25, 2012, Plaintiff entered into a payment arrangement with Defendant on a debt allegedly owed on a past due Chase account.

8. Plaintiff was said to owe a debt of approximately $4,200.00.

9. At that time, Defendant requested that the Plaintiff make monthly payments of $500.00-$700.00 a month until her debt was paid off in full.

10. Plaintiff informed Defendant's agent, "Ricky", that she could not afford payments that high and that the most she could pay was $100.00 a month.

11. Defendant's agent, "Ricky", reluctantly agreed to the $100.00 payments.

12. Defendant was insistent that the payments come directly from Plaintiff's checking account.

13. Plaintiff informed Defendant's agent, "Ricky", that she did not have a checking account.

14. Plaintiff was then urged by the Defendant to find someone who would allow her to use their checking account in order to set up her monthly payments.

15. Fearful of what could happen if she did not pay, Plaintiff allowed the Defendant to set up automatic monthly withdrawals from her boyfriend's account.

16. Plaintiff made all payments as agreed upon from February 25, 2012 through, May 25, 2012.

17. On or about June 23, 2012, however, Plaintiff contacted Defendant's agent, "Ricky", to inform him that she was short on money that month and that she would need to change the withdrawal date from the 25th to the 31st of the month.

18. Defendant's agent, "Ricky", agreed and said that he would mark the Plaintiff's file for that payment.

19. Despite contacting the Defendant about the payment, Defendant still withdrew the $100.00 from Plaintiff on June 25, 2012.

20. Making matters worse, the Defendant went further and withdrew a second payment of $100.00 on June 31, 2012.

21. Plaintiff was now, not only out $100.00 extra dollars that she did not have, but also now owed an additional $35.00 in insufficient funds to the bank due to Defendant's actions.

22. On or about August 3, 2012, Plaintiff contacted Defendant's agent, "Ricky", who now denied that he ever said he could change the Plaintiff's payment from the 25th to the 31st, explaining that payments that were already "written-up" could not be changed.

23. Defendant could not explain however why a second payment was also taken.

24. During this call, Plaintiff asked the Defendant to return the $100.00 that was taken on the 31st as well at the $35.00 in insufficient fund fees that was incurred.

25. Plaintiff was advised to call back in one (1) hour, so that Defendant's agent, "Ricky", could speak with his supervisor.

26. When Plaintiff called back, she was informed that the Defendant would not return her $135.00 as requested at that time, but the Defendant would reduce her total amount due by $200.00.

27. Plaintiff explained that she could not afford the double payment at this time and again requested that her $135.00 be returned immediately.

28. Defendant's agent, "Ricky", became very angry and continued to refuse to return any immediate funds to the Plaintiff.

29. Plaintiff was told to just accept the reduction in the total amount due and continue to pay each month as agreed.

30. Plaintiff refused and again demanded the return of the additional payment Defendant took without authority.

31. Before ending the call, Defendant's agent, "Ricky", finally agreed to return Plaintiff's second payment, but promised her she would be waiting a long time to see the money.

32. Defendant's agent, "Ricky", hung-up on the Plaintiff.

33. A few days later, Plaintiff received a follow-up call from Defendant's agent, "Ricky", who now stated that the Defendant would not be refunding any money to the Plaintiff.

34. Plaintiff was then offered to reduce her account balance due to $2,000.00 but only if she agreed to pay the balance off within a few months.

35. Plaintiff was instructed to make an initial payment of $50.00 by September 1, 2012 to accept Defendant's offer followed by another payment of $50.00 on or before September 15, 2012.

36. Defendant assured Plaintiff that if she did not make the payments her account would be sent to another collector.

37. Defendant acted in a false, deceptive, misleading and unfair manner by taking action that it stated it would not take for the purpose of coercing Plaintiff to pay the debt.

38. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

39. At all times pertinent hereto, Defendant were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

40. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

41. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

42. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## **COUNT I – FDCPA**

43 The above paragraphs are hereby incorporated herein by reference.

44. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

45. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§§1692d:        Any conduct that natural consequence of which is to harass, oppress or abuse any person

§§1692d(5):    Caused the phone to ring or engaged any person in telephone conversations repeatedly

§§1692e:        Any other false, deceptive or misleading representation or means in connection with the debt collection

§§1692e(10):  Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§1692f:         Any unfair or unconscionable means to collect or attempt to collect the alleged debt

    §§1692f(5): Caused any charges to be made to the consumer, e.g. bank overage charge fees

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, for the following:

  a. Actual damages;

  b. Statutory damages pursuant to 15 U.S.C. §1692k;

  c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

  46. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

  47. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

  48. The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

49. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

50. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

51. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

52. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

53. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

54. The foregoing paragraphs are incorporated herein by reference.

55. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

56. The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

57. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

    a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

    b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c. Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

58. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

59. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a. An Order declaring that Defendant violated the UTPCPL;

    b. Actual damages;

    c. Treble damages;

    d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: August 17, 2012**

**BY: _/s/ Brent F. Vullings BFV8435_**
Brent F. Vullings, Esquire

Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com